# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 4, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *
JASON CRAIG TOWNSEND,              *          Unpublished
                                  *
                                  *
           Petitioner,            *          No. 19-1532V
                                  *
v.                                *          Special Master Gowen
                                  *
SECRETARY OF HEALTH               *          Ruling on Entitlement; Concession;
AND HUMAN SERVICES,               *          Influenza ("flu"); Guillain-Barre
                                  *          Syndrome ("GBS").
           Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Nichole G. Booker,* Mast Law Firm, Smithfield, NC, for petitioner.
*Lauren Kells,* U.S. Department of Justice, Washington, D.C., for respondent.

## RULING ON ENTITLEMENT[1]

On October 2, 2019, Jason Craig Townsend ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that he suffered Guillain Barre Syndrome ("GBS") as a result of receiving the seasonal influenza ("flu") vaccine on October 26, 2016.  Petition at Preamble (ECF No. 1).  Petitioner also filed accompanying medical records to support his petition.

On February 2, 2021, respondent filed the Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case.  Respondent's Report (ECF No. 25).  Specifically, respondent states that petitioner has satisfied the criteria for GBS set forth in the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI").

In light of respondent's position and the evidence in the record, **I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master